# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**NIANNI, LLC,**

        **Plaintiff,**

-vs-                                           **Case No. 2:11-cv-118-FtM-36DNF**

**MITCHELL FOX,**

        **Defendant.**

## ORDER

This cause is before the Court on the Defendant, Mitchell Fox's ("Fox") Motion to Dismiss Complaint (Doc. 11) filed on August 1, 2011. The Plaintiff, Nianni, LLC ("Nianni") filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. 12) on August 15, 2011. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 19).

### I. Allegations in the Complaint (Doc. 1)[1]

Nianni alleges that Fox started an internet-based business called "'emailtemplates.org'" in 2008. (Com.[2] ¶3). In August 2010, Fox advertised on "Flippa.com"[3] to sell his internet-based business. (Com. ¶4). Fox represented that his business, "'blossomed into a big money maker with

---

[1] The Court will accept as true the factual allegations in the Complaint (Doc. 1) for the purposes of determining the Motion to Dismiss.

[2] "Com." refers to the Complaint (Doc. 1).

[3] Flippa.com is a website used for selling websites and internet-based businesses. (Com. ¶4).

around $42k in profit driven through the site over the past 6 month.'" (Com. ¶5). Fox represented that his business made approximately $7,000.00 per month profit from four (4) revenue sources: Affiliate Template Sales, Advertisement Sales, Website Rentals, and Custom E-mail Template Design Sales. (Com. ¶6). Fox claimed he never really had any "'slump[s] in purchases'" on "emailtemplates.org" and that this website business was "'an established, money making'" website that "'requires no work to earn the current income.'" (Com. ¶7). Fox supported his statements with documents such as a spreadsheet that showed monthly earnings from each revenue source since 2008 and a payment history for his sales between February and August 2010. (Com. ¶8). Nianni claims that Fox's statements about his website business were false and Fox falsified the documents that supported his revenue claims. (Com. ¶9). Relying on Fox's representations and documents, Nianni purchased the website, "emailtemplates.org" from Fox for $63,000.00. Since purchasing the website, Nianni has increased the traffic to the website, yet it only generates two to three hundred dollars a month. (Com. ¶11).

In Count I, Nianni asserts that Fox violated the Computer Fraud and Abuse Act, 18 U.S.C. §1030 by knowingly making false statements and using falsified documents in order to defraud Nianni. (Com. ¶14). Nianni claims that Fox knowingly used and accessed Flippa.com's website and computers without authority or in excess of his authority to transmit fraudulent statements and documents to unsuspecting purchasers. (Com. ¶15). Nianni asserts that Fox received in excess of $63,000.00 from Nianni causing Nianni to lose in excess of $5,000.00 in any one-year period. (Com. ¶16).

In Count II, Nianni asserts that Fox made fraudulent misrepresentations about the success of "emailtemplates.org" including the amount of revenue and profit that the website would generate in a month. (Com. ¶20). Nianni claims that Fox knowingly posted on Flippa.com false representations

and altered documents such as a spreadsheet to show misleading monthly earnings to induce Nianni to purchase emailtemplates.org. (Com. ¶21, 22, 23). As a result, Nianni suffered damages based upon his reliance on these false statements and documents. (Com. ¶24).

In Count III, Nianni alleges that Fox made negligent misrepresentations which were false and misleading concerning the success of emailtemplates.org including that it had generated $7,000.00 a month in profits for the six months prior to the sale. (Com. ¶27). Fox should have known these representations were false, and Nianni suffered damages as a result of these negligent misrepresentations (Com. ¶29).

In Count IV, Nianni alleges that Fox violated Florida' Deceptive and Unfair Trade Practices Act Fla. Stat. §501.201-501.213. Nianni contends that Fox solicited, advertised, and sold emailtemplates.org using Flippa.com which constitutes trade. (Com. ¶32). Fox willfully engaged in deceptive and unfair trade practices by providing false and misleading information including statements and documents concerning the website's revenue. (Com. ¶33). Nianni claims that Fox knew or should have known that his conduct was prohibited by Florida' Deceptive and Unfair Trade Practices Act. (Com. ¶34). As a result of Fox's actions, Nianni suffered damages. (Com. ¶36).

## II. Standard for a Motion to Dismiss

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court must construe the allegations in the light most favorable to the plaintiff. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state

a claim to relief that is plausible on its face." *Iqbal,* 129 S.Ct. 1937, 1949 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (citations omitted). The threshold to survive a motion to dismiss is exceedingly low, however, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**III. Analysis**

Fox asserts that all of the Counts in the Complaint (Doc. 1) should be dismissed.

**A. Count I, The Federal Computer Fraud and Abuse Act**

Fox asserts that Nianni failed to plead sufficient facts to state a cause of action under the Federal Computer Fraud and Abuse Act, 18, U.S.C. §1030. Nianni argues that it has stated a claim under Section (a)(4) of the Computer Fraud and Abuse Act.

18 U.S.C. §1030(a) and (g) provides a follows:

Whoever . . .

> (4) knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period; . . .

> (g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. . . . No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought

under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

The statute defines "loss" to mean "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. §1030(11).

To prove a claim under §1030(a)(4), a party must satisfy the following four elements that a defendant:

> (1) accessed a "protected computer" (2) without authorization or by exceeding such authorization as was granted, (3) "knowingly" and with "intent to defraud," and (4) as a result has "further[ed] the intended fraud and obtain[ed] anything of value."

*Pharmerica, Inc. v. Arledge*, 2007 WL 865510 *6 (M.D. Fla. March 21, 2007)[4] (quoting *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005); and citing, *ViChip Corp. v. Lee*, 438 F. Supp.2d 1087, 1100 (N.D. Cal. 2006); and *Pacific Aerospace & Elecs., Inc. v. Taylor*, 295 F. Supp.2d 1188, 1195 (E.D. Wash. 2003)).

Fox argues that the Plaintiff failed to allege that Fox knowingly and with intent to defraud, accessed Nianni's computer without authorization or exceeded his authorization, or provided any allegations that Fox accessed Nianni's computers. Nianni asserts in response that the Computer Fraud and Abuse Act is expansive and covers Fox accessing Flippa.com's computers and then exceeding his scope of authorization by allegedly making false statements and providing false or fraudulent documents in support of the value of emailtemplates.org. Nianni argues that it has met its burden of alleging facts which support a claim under Computer Fraud and Abuse Act.

---

[4] Eleventh Circuit unpublished opinions are not binding precedent but they may be cited as persuasive authority. 11th Cir. R. 36-2.

In the instant case, the allegations are that Fox accessed Flippa.com's computers or Flippa.com's website, not Nianni's computers or website. There are no allegations that Fox accessed Nianni's computer system or website. The Computer Fraud and Abuse Act is principally a criminal statute, but does allow an individual to bring a cause of action for civil damages. *Diamond Power International, Inc. v. Davidson*, 540 F. Supp.2d 1322, 1341(N.D. Ga. 2007). The statute focuses on accessing a computer owned by a plaintiff or a victim and harming the computer system.

Even if the Court takes an expansive view of the language of the statute, Nianni has failed to allege all of the elements necessary for a claim under 18 U.S.C. §1030. Fox accessed Flippa.com's website to sell his business. Nianni has provided no basis to show that Fox did not have authorization to access Flippa.com to try to sell emailtemplates.org. The issue then becomes whether Fox exceeded his authorization. The statute defines "exceeds authorized access" to mean "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter." 18 U.S.C. §1030(e)(6). This section contemplates an individual who has authority to access the website, but once there, uses the computer improperly "because the defendant accesses information to which he is not entitled." *Diamond Power International, Inc. v. Davidson*, 540 F. Supp.2d 1322, 1342 (N.D. Ga. 2007). "Stated differently, a violation does not depend upon the defendant's unauthorized use of information, but rather upon the defendant's unauthorized use of access." *Id*. at 1343.

Nianni has failed to show that Fox was not permitted to alter or change information regarding emailtemplates.org. By granting Fox authorization to access Flippa.com's website and to the materials regarding emailtemplates.org, Fox did not exceed his authority when he accessed Flippa.com and changed the information regarding his company. At most, Nianni asserts that by including allegedly

fraudulent information on Flippa.com's website, Nianni violated the Computer Fraud and Abuse statute. However, it is not the information that is the focus of the statute, but rather whether Fox had the authority to access the website or exceeded his authority. Therefore, even accepting the allegations in the Complaint as true, Nianni has failed to state a cause of action for a violation of the Computer Fraud and Abuse Act.

Further, the statute defines "damage" to mean, "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. §1030(e)(8). As alleged by Nianni, the facts do not show that Nianni suffered any damage or impairment to data, a program, a system, or information owned by Nianni. The Computer Fraud and Abuse Act does not contemplate a cause of action in which the defendant accesses a computer not owned by the plaintiff and makes allegedly false statements on that computer or website. Therefore, the Court finds that Count I for violations of the Computer Fraud and Abuse Act will be dismissed.

### B. Count II, Fraudulent Misrepresentation

Fox asserts that Nianni's claim for fraudulent misrepresentation should be dismissed for failing to state a cause of action since Nianni failed to allege facts in support of the claim with specificity, for failing to allege facts that show Fox's statements were fraudulent misrepresentations, and for failing to show that Nianni justifiably relied on these alleged fraudulent misrepresentations. Nianni argues that it pled fraudulent misrepresentation with sufficient particularity.

Ordinarily, a complaint is sufficient if it satisfies FED. R. CIV. P. 8(a)(2)'s notice pleading requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). However, pursuant to FED. R.

CIV. P. 9(b) the following heightened pleading standard is required when asserting a claim for fraud: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). The particularity requirement is satisfied

> if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Mizzaro*, 544 F.3d at 1237, (citing *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir.2007) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001)). If a plaintiff fails to satisfy Rule 9(b), then the claim is subject to dismissal. *Thayse v. Anderson*, 2006 WL 3313750 *1 (M.D. Fla. 2006) (quoting *Corsello v. Lincare, Inc.,* 28 F.3d 1009, 1012 (11th Cir. 2005)).

The elements of a claim for fraudulent misrepresentation are: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Bhayani v. Treeco, Inc.*, 2011 WL 250434 *4 (M.D. Fla. 2011) (internal quotation marks omitted) (quoting *Butler v. Yusem*, 44 So.3d 102, 105 (Fla.2010) (quoting *Johnson v. Davis*, 480 So.2d 625, 627 (Fla.1985)).

Taking Nianni's allegations as true, Nianni asserts that Fox made intentional false statements regarding the revenue of emailtemplates.org, and intentionally included false documents misrepresenting emailtemplates.org's revenue. These fraudulent statements induced Nianni to

purchase emailtemplates.org, and Nianni suffered damages as a result of his reliance on these false statements and false documents.

Fox asserts that Nianni's allegations of fraudulent misrepresentation may not be based upon future promises but must be based upon a past or existing fact citing *Mejia v. Jurich,* 781 So.2d 1175 (Fla. 3d DCA 2001)*; and, Sleight v. Sun and Suft Realty, Inc.,* 410 So.2d 998 (Fla. 3d DCA 1982). Fox claims that his statements were of emailtemplates.org's future earning potential and were mere "'puffery.'" Some of the allegations, in the Complaint, however are regarding the past earnings of emailtemplates.org and therefore can amount to fraudulent misrepresentations, such as emailtemplates.org earnings of $7,000.00 per month profit. Fox also asserts that Nianni has not shown that Fox's actual statements and documents concerning emailtemplates.org are false, and therefore, Fox argues that these statements and documents cannot be actionable on the basis of fraud. Reading the allegations in the Complaint as a whole, Nianni has articulated that Fox claimed emailtemplates.org earned a certain amount, and that after Nianni's purchase of the company, he learned that these representations were false which is sufficient to state a cause of action for fraudulent misrepresentation.

Fox argues that Nianni failed to establish that it justifiably relied on Fox's alleged fraudulent misrepresentations. "'Justifiable reliance is not a necessary element of fraudulent misrepresentation.'" *Bhayani v. Treeco, Inc.*, 2011 WL 250434 *4 (M.D. Fla. 2011) (citing *Butler v. Yusem*, 44 So.3d 102, 105 (Fla. 2010) (citing *Johnson v. Davis*, 480 So.2d 625, 627 (Fla. 1985)). Therefore, Nianni was not required to allege justifiable reliance on Fox's statements and documents. Nianni has sufficiently alleged fraudulent misrepresentation, and the Motion to Dismiss Count II will be denied.

### C. Count III, Negligent Misrepresentation

Fox contends that Nianni's claim for Negligent Misrepresentation should be dismissed for failing to allege facts showing that Nianni justifiably relied on Fox's representations, and for failing to allege negligent misrepresentation with specificity. Nianni asserts that it has adequately plead the elements of negligent misrepresentation.

The elements for a claim for negligent misrepresentation are as follows:

> (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation.

*Great Lakes Reinsurance (UK) PLC v. Glass Design of Miami*, 2011 WL 2669629 *3 (S.D. Fla. July 7, 2011) (quoting *Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 607 F.3d 742, 747 (11th Cir.2010) (quoting *Baggett v. Electricians Local 915 Credit Union,* 620 So.2d 784, 786 (Fla. 2d DCA 1993)).

Nianni alleges that Fox misrepresented the earnings of emailtemplates.org by claiming that the website was generating $7,000.00 in profits per month. Nianni asserts that Fox knew that Fox's representations were false and were used to induce buyers to purchase the website. Nianni claims that it justifiably relied on Fox's representations in purchasing emailtemplates.org, and suffered damages as a result of the purchase. Nianni has asserted all of the elements of a claim for negligent misrepresentation.

Fox also argues that Nianni failed to plead its negligent misrepresentation claim with specificity. Under Florida Law, a claim for negligent misrepresentation must be plead with the same

specificity as fraud claims. *Nehrer v. Bank of America, N.A.* 2011 WL 4376776 *2 (M.D. Fla. Sept. 2, 2011) (citing *Morgan v. W.R. Grace & Co.* 779 So.2d 503, 506 (Fla. 2d DCA 2000)). Fox argues that Nianni failed to show how Fox's statements were false and how Nianni justifiably relied on such statements. Taking the Complaint as a whole, Nianni asserted that Fox made certain statements and showed certain financial documents indicating that emailtemplates.org earned a certain profit which induced Nianni to purchase the website. Nianni alleges that after purchasing the website he discovered that the statements and documentation were false, that he relied on these statements in deciding to purchase emailtemplates.org, and suffered damages as a result of the purchase. Nianni has alleged a claim for negligent misrepresentation with sufficient specificity, and the Motion to Dismiss as to Count III will be denied.

### D. Florida's Deceptive and Unfair Trade Practices Act

Fox asserts that Nianni failed to state a claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §501.201 *et al.* Fox argues that Nianni alleges only legal conclusions without any factual support. Fox claims that Nianni asserts that Nianni relied on Fox's alleged misrepresentations, and therefore Fox must have engaged in deceptive acts. Fox claims that Nianni's allegations that Fox engaged in deceptive acts is merely a conclusion. Nianni counters that the Complaint contains allegations that Fox engaged in deceptive and unfair practices when he solicited, advertised, and sold emailtemplates.org by using deceptive statements and by misleading consumers into purchasing emailtemplates.org.

Florida Statute §501.204(a) provides that, "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in conduct of any trade or commerce are

hereby declared unlawful." A claim under FDUTPA requires the following elements: "'(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.'" *E0Z Pack Mfg., LLC v. RDK Truck Sales & Service, Inc.*, 2011 WL 4343790 *7 (M.D. Fla. Aug. 10, 2011) (quoting *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp.2d 1336, 1339 (S.D. Fla.2009); *City First Mortgage Corp. v. Barton*, 988 So.2d 82, 86 (Fla. 4th DCA 2008) (quoting *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006), review denied, 962 So.2d 335 (Fla.2007)). A violation of Fla. Stat. §501 *et seq* includes "unfair, deceptive, or unconscionable acts or practices." Fla. Stat. §501.203(3)(c). An unfair practice "'is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Id.*, (citing *Romantic Tours, Inc. v. Anastasia Int'l, Inc.*, 8:10–CV–2321–T–23TBM, 2011 WL 653724 at *2 (M.D. Fla. Feb.14, 2011) (quoting *Rollins*, 951 So.2d at 869).

In the Complaint, Nianni alleges facts which support his allegations of deceptive acts and unfair practices. Specifically, Nianni alleges that Fox made representations concerning the monthly profits of emailtemplates.org that were false and deceptive which caused Nianni to purchase emailtemplates.org, and then caused Nianni to incur damages as a result. These allegations are sufficient to state a claim under the FDUTPA, and the Motion to Dismiss as to Count IV will be denied.

### IV. Jurisdiction

Although the Complaint does not specifically allege jurisdiction or venue, this action seeks to rely upon federal question jurisdiction pursuant to 28 U.S.C. §1331 by virtue of an asserted violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030. By this Order, the Court is dismissing the

claim brought under the Computer Fraud and Abuse Act. The only remaining claims are state law claims. Pursuant to 28 U.S.C. §1367(c)(3), the Court may exercise supplemental jurisdiction over the remaining state law claims, however, the parties have not raised this issue. The Court will allow Nianni an opportunity to file an Amended Complaint and will decide further issues of jurisdiction after the parties have had the opportunity to properly review and brief the issue.

**IT IS HEREBY ORDERED:**

1) The Motion to Dismiss Complaint (Doc. 11) is hereby **DENIED** with respect to Counts II, III and IV, and **GRANTED** with respect to Count I, which is dismissed without prejudice.

2) Within fourteen (14) days from the date of this Order, Nianni, LLC may file an Amended Complaint alleging jurisdiction and venue.[5]

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this __7th__ day of November, 2011.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[5] The Court instructs Nianni that the citizenship of a limited liability company must include the citizenship of each of its members. *Azzo v. Jetro Restaurant Depot, LLC*, 2011 WL 1357557 (M.D. Fla. Apr. 11, 2011) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.* 374 F.3d 1020, 1021-22 (11th Cir. 2004).